IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| MICHAEL WILLIAMS | § | |
| VS. | § | CIVIL ACTION NO. 1:15cv376 |
| DIRECTOR, TDCJ-CID | § | |

## ORDER OVERRULING OBJECTIONS AND ADOPTING
## THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Michael Williams, an inmate confined at the Goree Unit of the Texas Department of Criminal Justice, Correctional Institutions Division ("TDCJ-CID"), proceeding *pro se*, filed the above-styled petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

The court previously referred this matter to the Honorable Zack Hawthorn, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to 28 U.S.C. § 636 and applicable orders of this court. The Magistrate Judge has submitted a Report and Recommendation of United States Magistrate Judge recommending the petition be denied.

The court has received and considered the Report and Recommendation of United States Magistrate Judge, along with the record and pleadings. Petitioner filed objections to the Report and Recommendation. The court must therefore conduct a *de novo* review of the objections.

Petitioner was previously released on mandatory supervision. On June 14, 2013, a pre-revocation warrant for petitioner's release was executed. For a period of time thereafter, petitioner was incarcerated at the Bastrop County Jail. On August 6, 2013, his release on mandatory supervision was revoked. He was subsequently returned to TDCJ-CID.

Petitioner received credit towards his sentence for the time he spent incarcerated at the Bastrop County Jail. He asserts that pursuant to Article 43.10 of the Texas Code of Criminal Procedure, he should receive double credit for the days he worked while incarcerated in the jail.

The court agrees with the Magistrate Judge's conclusion that Article 43.10 does not apply to petitioner's situation. Article 43.10 provides that when a criminal defendant is sentenced to serve a term of imprisonment in a jail after being convicted of a misdemeanor or felony, he is to receive

double credit towards his sentence for any days spent performing manual labor. However, petitioner's judgment sentenced him to 25 years of imprisonment in what was then known as the Texas Department of Criminal Justice Institutional Division. As petitioner was in the Bastrop County Jail awaiting transfer to TDCJ-CID, rather than as a result of being sentenced to a term of imprisonment to be served in the jail, Article 43.10 does not entitle him to relief.[1]

## ORDER

Accordingly, petitioner's objections are **OVERRULED**. The findings of fact and conclusions of law of the Magistrate Judge are correct and the report of the Magistrate Judge is **ADOPTED** as the opinion of the court. A final judgment shall be entered denying this petition in accordance with the recommendation of the Magistrate Judge.

In addition, the court is of the opinion petitioner is not entitled to a certificate of appealability. An appeal from a judgment denying federal habeas relief may not proceed unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253. The standard for a certificate of appealability requires the petitioner to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483-84; *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004). To make a substantial showing, the petitioner need not demonstrate that he would prevail on the merits. Rather, he must demonstrate that the issues he raises are subject to debate among jurists of reason, that a court could resolve the issues raised in a different manner, or that the questions presented are worthy of encouragement to proceed further. *See Slack*, 529 U.S. at 483-84. Any doubt regarding whether to grant a certificate of appealability should be resolved in favor of the petitioner, and the severity of the penalty imposed may be considered in making this determination. *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir. 2000).

In this case, the petitioner has not shown that the issue of whether his petition is meritorious is subject to debate among jurists of reason. The factual and legal issues raised by petitioner have

---

[1] In her supplemental response, the respondent cited Texas Attorney General's Opinion MW-497 in support of her assertion that the petition is without merit. In his objections, petitioner states that the opinion, which was issued in 1982, relied on a version of Article 42.09 of the Texas Code of Criminal Procedure that was subsequently revised. However, neither the court nor the Magistrate Judge has relied on the attorney general's opinion in concluding that petitioner is not entitled to relief.

been consistently resolved adversely to his position and the questions presented are not worth of encouragement to proceed further. As a result, a certificate of appealability shall not issue in this matter.

    **SIGNED** this the 3 day of **January, 2017.**

Thad Heartfield
United States District Judge